UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. YAHYA Z. YAGHMOUR, *Defendant.* | No. 1:25-cr-00165-JLT-SAB **ORDER DENYING REQUEST TO SEAL** |

Today, less than two court days[1] before the defendant's sentencing hearing, the defense submitted a thumb drive[2] containing approximately 6,100 pages of records obtained from various visits to hospitals going back nearly 10 years. A huge number of these documents contain no pertinent information, such as generic discharge instructions, documentation of the defendant's consent to treatment, documentation of his signature on admission papers, notations of when doctors acted (unrelated to what acts, in particular, were taken), or confirmation of the defendant's insured status. There is no explanation as to how these documents have any relevance to the issues at hand.[3] There are also hundreds of pages of lab tests without any

[1] Most, if not all, of the records indicated that they were printed by the hospital a month ago.

[2] Counsel also submitted the documents electronically to the Court's secure Box account.

[3] Moreover, some of the records detail that doctors believed that the defendant was purposefully exacerbating his condition, that the defendant often left the hospital against medical advice and without accepting treatment, or that he would threaten to leave the hospital unless his demands—such as the ability to take himself to the toilet without assistance—was not accepted by the

showing as to which of the tests are significant to the issues here or citation to them in the memo.[4]

In any event, while the Court would not usually deny a request to seal medical records, the thumb drive submitted contains so many extraneous documents that it appears that most need not be sealed. The Court lacks the time and the resources to take on counsel's duty to identify the particular pages which may be sealed. The "kitchen sink" approach taken by counsel is improper and is inconsistent with the law. For example, Local Rule 141(b) requires the moving party to "set forth the statutory or other authority for sealing . . ." Along these lines, there must be legal justification for sealing of each document. Thus, the request to seal the documents is **DENIED without PREJUDICE.** Counsel may choose to go through the exhibits to determine which documents are pertinent and resubmit them with a request to seal.

IT IS SO ORDERED.

Dated: October 22, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

---

hospital. The Court cannot see how these documents support the defendant's contentions.

[4] Counsel seems to contend that these exhibits support contentions in his sentencing memo. However in the sentencing memo, most often, counsel cites, generally, to these 6,100 pages or when pages are identified, counsel cites to great swaths of them, which, even still, contain a great many of the irrelevant documents described above. (Doc. 35 at 8-11) Only a handful of times does counsel cite to particular pages. When this occurs, the citations do not fully support the contention made in the memo. There may be a needle here, but it is fully obscured by the haystack.